UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIA NOEL FERRANDO-GUERRA and ARTURO LOPEZ GOMEZ, *on behalf of themselves and all others similarly situated*,

        Plaintiffs,

    -against-

ZESTFUL MANAGEMENT CORP. D/B/A BAR SIX,

        Defendant.
------------------------------------------------------------------X

Civil Action No. 23-cv-8123

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

  Plaintiffs MARIA NOEL FERRANDO-GUERRA and ARTURO LOPEZ GOMEZ (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, Bell Law Group, LLC, respectfully allege on as follows:

<u>**NATURE OF CASE**</u>

  1. Plaintiffs bring this action on behalf of themselves and all others similarly situated for Defendant's systemic and continuous violations of: i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 *et seq.*; ii) the minimum wage and overtime provisions of the New York Labor Law ("NYLL") and N.Y. Comp. Codes R. & Regs. ("NYCCRR") Tit. 12, § 142-2.2; iii) misappropriation of gratuities under NYLL § 196-d; iv) the spread of hours requirement as contained in New York State regulation, 12 NYCRR § 142 *et seq*; v) the requirement that employers provide employees with uninterrupted meal breaks, as set forth in NYLL §162; vi) the requirement that employers furnish employees with a written statement at the time of hiring, containing specific categories of information under the NYLL § 195(1), codified as the New York Wage Theft Prevention Act (the "NYWTPA"); vii) the requirement that employers furnish employees with wage statements on each payday containing specific categories of accurate information under the NYLL § 195(3); and

1

viii) any other cause(s) of action that can be inferred from the facts set forth herein.

**PRELIMINARY STATEMENT**

2.	Bar Six is a French Moroccan bistro in the heart of Greenwich Village, New York. Although Bar Six annually generates thousands of dollars in gross revenue, it refuses to honor its legal obligation to comply with federal and state other wage laws, systematically depriving hundreds of past and current Six Bar employees with wages that they are entitled to as a matter of law. Specifically, Six Bar created and implemented multiple unlawful wage policies, as set forth in more detail below.

3.	Notably, Six Bar has an unlawful policy of paying employees sub-minimum wage rates relying on the tip credit allowance, without complying with the threshold requirements. Specifically, Defendant implemented a mandatory tip pool and required tipped employees to share a portion of their tips with certain individuals who were ineligible to participate in a tip pool. As a result, Defendant was not entitled to tip credit, and therefore violated the minimum and overtime wage requirements of the New York Labor Law ("NYLL") and the Federal Labor Standards Act ("FLSA").

4.	Accordingly, Plaintiffs now bring this action on behalf of themselves and all similarly situated employees, pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA, as such violations have deprived Plaintiffs and others similarly situated of their lawfully-earned wages.

5.	Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former employees of the Defendant, pursuant to Fed. R. Civ. P. 23, for violations of New York Labor Law ("NYLL") § 195 and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 146-2.2 and 2.3.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

7. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## DEMAND FOR JURY TRIAL

9. A jury trial is requested on all claims alleged herein.

## THE PARTIES

10. Plaintiff Maria Noel Ferrando-Guerra ("Ms. Ferrando") was and still is a resident of the County of New York, State of New York.

11. Plaintiff Arturo Lopez-Gomez ("Mr. Lopez") was and still is a resident of the County of New York, State of New York.

12. Plaintiffs are both covered employees within the meaning of the FLSA, 29 U.S.C. § 201, et seq. and NYLL, N.Y. Lab. Law § 160 et seq.

13. Zestful Management Corp. D/B/A Bar Six was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York, with an address for service located at 32 E. 10th St, New York, Ny, United States, 10003

14. Zestful Management Corp. D/B/A Bar Six owns and operates a restaurant at 502 6th Avenue, New York, NY 10011.

15. At all times relevant to this action, Bar Six was and is engaged in interstate commerce, as defined by the FLSA, and Bar Six' qualifying annual business exceeds $500,000.00, the combination of which subjects Bar Six to the FLSA's overtime requirements.

16. At all times hereinafter mentioned, Bar Six exercised control over the terms and conditions of Plaintiffs' employment, in that the Defendant had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise work and control of the employees, including the Plaintiffs herein; and (v) otherwise affect the quality of the employees' work conditions and employment.

17. Bar Six was an "employer" of Plaintiffs within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3).

## FLSA COLLECTIVE ALLEGATIONS

18. Plaintiffs Ms. Ferrando and Mr. Lopez bring this action pursuant to 29 U.S.C. § 216(b) on their own behalf, as well as those in the following class:

> Current and former tipped employees of Defendant, during the relevant statutory period, who were denied overtime compensation at the statutory rate which is legally due to them, for the time worked in excess of forty (40) hours per week ("FLSA Plaintiffs").

19. At all relevant times, Ms. Ferrando and Mr. Lopez and the members of the FLSA Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them one-and-one half times their hourly rate of pay, for work in excess of forty (40) hours per workweek. The claims of Plaintiffs herein are essentially the same as those of the other FLSA Plaintiffs.

20. This case is properly brought under and maintained as an opt-in collective action

4

pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.

## NYLL CLASS ALLEGATIONS

21. Plaintiffs bring Counts 2, 3, 4, 5, 6 and 7 under the NYLL pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23 on behalf of all non-exempt persons employed by Defendant Bar Six in any tipped position on or after September 14, 2017 ("NYLL Class").

22. *Numerosity:* The members of the Rule 23 Class are so numerous that joinder of all members in the case would be impracticable. Plaintiffs reasonably estimate there are at least 50 Class Members who reside and work in New York. The precise number of Class Members should be readily available from a review of Defendant's personnel and payroll records.

23. *Commonality/Predominance:* There is a well-defined community of interest among the Rule 23 Class Members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

   a. whether Defendant maintained an unlawful tip pool;
   b. whether Defendant required Class members to share tips with tip-ineligible employees;
   c. whether Defendant unlawfully utilized the "tip credit" when paying Class members;
   d. whether Defendant violated the NYLL by failing to provide uninterrupted meal breaks;
   e. whether Defendant unlawfully failed to pay a spread of hours to Class members when their start and end times were more than ten (10) hours apart;
   f. whether Defendant violated the NYWTPA by failing to provide Plaintiffs and Class Members with sufficiently detailed wage statements with each payment, as required

    by NYLL § 195(3);

  g. whether Defendant violated the NYWTPA by failing to provide Plaintiffs and Class Members with a written statement upon hiring, required by NYLL § 195(1);

  h. whether Plaintiffs and the members of the Class are entitled to damages, and if so, the method by which such damages should be calculated; and

  i. whether Defendant is liable for the attorneys' fees and costs of the members of the Class.

24. *Typicality:* Plaintiffs' claims are typical of those of the Rule 23 Class in that the Plaintiffs and all other members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiffs' claims arise from the same policies, practices, and course of conduct as all other Rule 23 Class Members' claims and Plaintiffs' legal theories are based on the same legal theories as all other Rule 23 Class Members, as detailed above.

25. *Adequacy:* Plaintiffs will fully and adequately protect the interests of the Rule 23 York Class. Furthermore, Class Counsel, Bell Law Group, PLLC are highly qualified to litigate Plaintiffs' and the class's claims.

26. *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, <u>inter alia</u>, it is economically unfeasible for the Rule 23 Class Members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual, along with the fear of reprisal by their employer. Notably:

  a. This case involves a corporate Defendant, that has vast resources, and many individual proposed Class members who have limited resources and who have relatively small claims with common questions of law and fact;

  b. If each individual was required to file a separate law suit, Defendant, with its vast resources, would be able to exploit and overwhelm the limited resources of the proposed Class members;

6

    c. Requiring each individual to file a separate law suit will discourage members of the potential Class still employed by Defendant from asserting lawful claims because of an appreciable fear that Defendant will retaliate against them;

    d. Prosecuting separate law suits by each member of the proposed Class will create a substantial risk of inconsistent or varying verdicts; will establish potentially incompatible standards of conduct for Defendant; will result in legal determinations as to each individual that are dispositive of the interest of the other proposed Class members who are not parties to the adjudications; and will impair or impede the ability of the proposed Class members to protect their own interests;

    e. The individual claims are not large enough to warrant the costs and expenses that will be incurred in individual prosecution making it difficult, if not impossible, for the individuals to redress the wrongs done to them; and

    f. The cost to the legal system for individual adjudication will be substantial making the class action superior.

27. The case will be manageable as a class action because the Defendant should have payroll systems that will allow the wage-and-hour damages issues in the case to be resolved with relative ease. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.

28. The Defendant has acted on grounds generally applicable to the Class, thereby making relief, including declaratory and/or injunctive relief, appropriate for the Class.

## **CLASSWIDE FACTUAL ALLEGATIONS**

*Defendant Misappropriated Plaintiffs' Tips*
*And Maintained an Unlawful Mandatory Tip Pool*

29. Defendant paid tipped employees a tip credit hourly wage, which was lower than the state minimum wage.

30. Defendant was not entitled to use a tip credit because it illegally retained portions of Plaintiffs' and Class members' tips.

31. At all relevant times, Defendant imposed on tipped employees a mandatory tip pool and required tipped employees to share a portion of their tips with certain individuals who were ineligible to participate in a tip pool. Specifically, Defendant required tipped employees to share their tips with floor managers/maitre d's Cesar Vallejo and John Yancha (collectively, "Managers").

32. The Managers were management and agents of Defendants.

33. The Managers supervised tipped employees. For example, the Managers assigned tipped employees to particular tables and sections. The Managers also instructed tipped employees to perform specific tasks, such as assisting other employees, cleaning tables, picking up plates, and opening wine and assigned tipped employees side work, such as folding napkins.

34. The Managers exercised control over tipped employees' schedules.

35. The Managers disciplined tipped employees. For example, the Managers admonished employees for various infractions, and had authority to send them home if they appeared intoxicated.

36. The Managers had the authority to adjust tipped employee's time records.

37. Because the Managers were management and agents of Defendant, they were not eligible to participate in the tip pool and receive tips.

*Defendant Violated NYLL's Spread of Hours Laws*

38. Plaintiffs and the Class Actions Plaintiffs routinely worked in excess of ten (10) hours per day, six days per week.

8

39.     Despite employees regularly working shifts in excess of ten (10) hours per day, Defendant failed to compensate Plaintiffs and the New York Class for the legally mandated spread of hours pay, in violation of 12 N.Y.C.R.R. § 142-2.4.

40.     Specifically, Defendant failed to provide Plaintiffs with an additional hour of pay for each day that they worked a spread of hours that exceeded ten (10) hours.

*Defendant Violated NYLL's Meal Break Requirements*

41.     Plaintiffs and the New York Class regularly worked shifts of more than six (6) hours, often working as long as ten (10) hours per shift, and they were routinely denied their required meal break.

42.     Although Plaintiffs and the New York Class regularly worked shifts of more than six (6) hours, Defendant willfully refused to provide them with an uninterrupted meal break, in violation of NYLL § 162.

43.     This policy changed in or about October 2022, at which time, employees were permitted to take breaks after six hours.

44.     The Defendant's unlawful conduct has been widespread, repeated, consistent, and willful.

## INDIVIDUAL FACTUAL ALLEGATIONS

### Maria Ferrando

45.     Plaintiff Maria Ferrando worked for Defendant, from February 27, 2020 through November 23, 2022, as a server, at the restaurant located at 502 6th Avenue, New York, NY 10011.

46.     Ms. Ferrando was paid $10.00 per hour. To the extent Ms. Ferrando received tips, whether paid by cash or on a customer's credit card, same were pooled, based on a mandatory pooling system.

9

47. Ms. Ferrando along with other employees, was subject to Bar Six's unlawful compensation policy, which paid her at sub-minimum wages, based upon the tip credit allowance, for a portion of her work hours. However, Defendant did not comply with the required threshold requirements for claiming the tip allowance. Specifically, Ms. Ferrando was never given notice that Bar Six was claiming a tip credit and that, in the event her tips did not equal minimum wage, Bar Six would compensate her for the difference between the two amounts. Further, there was a mandatory tip-pool which included individuals who were not eligible to participate in the tip pool – specifically, Managers/ maître d's Cesar Vallejo and John Yancha.

48. When Ms. Ferrando worked more than forty hours in a workweek, she was paid $17.50 per hour which is less than time-and-a-half her hourly rate. For instance, during the below pay periods, Ms. Ferando worked 46 hours, and was paid $17.50 for all hours over 40:

   2/08/21 – 2/14/21

   3/31/2021 – 6/6/2021

   6/14/21 – 6/20/21

49. Frequently, Ms. Ferrando worked double shifts which could last from 11:00 a.m. to 12:00 p.m. When Ms. Ferrando worked over ten hours, she was not provided with an extra hour of pay, as required under the spread-of-hours provision of the NYLL.

50. Ms. Ferrando was also denied a meal break after working a six (6) hour shift.

51. Additionally, throughout the duration of her employment, Bar Six failed to provide Ms. Ferrando with the required written wage notice upon hiring, in violation of NYLL § 195(1). To the extent any such notice was provided, it was inaccurate and misleading, since Defendant's tip credit was unlawfully taken.

52. Likewise, Defendant failed to provide Ms. Ferrando with the required wage statements,

10

setting forth specific criteria with each payment, in violation of NYLL § 195(3). To the extent same were provided to Ms. Ferrando, they were inaccurate and misleading, since Defendant's tip credit was unlawfully taken.

53. Ms. Ferrando has been designated as a class representative for the FLSA Collective Action and the New York Class. Ms. Ferrando is ready, willing and able to accept the responsibilities of being a class representative.

### Arturo Lopez

54. Plaintiff Arturo Lopez ("Mr. Lopez") worked for Defendant, from September 2019 through February 5, 2023, at Defendant's restaurant located at 502 6th Avenue, New York, N.

55. Initially, Mr. Lopez was employed as a kitchen worker, and was not a tipped worker. However, as of April 2021, Mr. Lopez became a runner and his compensation was based in part on tips.

56. As of April 2021, Mr. Lopez was paid $10.00 per hour. To the extent Mr. Lopez received tips, whether paid by cash or on a customer's credit card, same were pooled, based on a mandatory pooling system.

57. Indeed, Mr. Lopez along with other employees, was subject to Bar Six's unlawful compensation policy, which paid his at sub-minimum wages, based upon the tip credit allowance, for a portion of his work hours. However, Defendant did not comply with the required threshold requirements for claiming the tip allowance. Specifically, Mr. Lopez was never given notice that Bar Six was claiming a tip credit and that, in the event his tips did not equal minimum wage, Bar Six would compensate him for the difference between the two amounts. Further, there was a mandatory tip-pool which included individuals who were not eligible to participate in the tip pool – specifically, Managers/ maître d's Cesar Vallejo and John Yancha.

58. Frequently, Mr. Lopez worked double shifts which could last more than ten hours. When he worked over ten hours, he was not provided with an extra hour of pay, as required under the spread-of-hours provision of the NYLL.

59. Mr. Lopez was also denied a meal break after working a six (6) hour shift.

60. Additionally, throughout the duration of his employment, Bar Six failed to provide Mr. Lopez with the required written wage notice upon hiring, in violation of NYLL § 195(1). To the extent any such notice was provided, it was inaccurate and misleading, since Defendant's tip credit was unlawfully taken.

61. Likewise, Defendant failed to provide Mr. Lopez with the required wage statements, setting forth specific criteria with each payment, in violation of NYLL § 195(3). To the extent same were provided to Mr. Lopez, they were inaccurate and misleading, since Defendant's tip credit was unlawfully taken.

62. Mr. Lopez has been designated as a class representative for the New York Class. Mr. Lopez is ready, willing and able to accept the responsibilities of being a class representative.

**FIRST CAUSE OF ACTION**
**(Unpaid Overtime under the FLSA, 29 U.S.C. § 207)**

63. Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. Defendant violated the rights of Plaintiff Ferrando and Class Members, by failing to pay overtime compensation at a rate not less than one-and-one-half times their regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(l).

65. Specifically, Defendant systematically paid Plaintiff Ferrando overtime compensation based on a sub-minimum wage – specifically, her overtime rate was $17.50. This sum is less than one-

and-one-half times her *regular* rate of pay for each hour worked.

66. Defendant's failure to pay Plaintiff Ferrando and Class Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

67. Therefore, the Defendant is liable to Plaintiff Ferrando and Class Members for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**(Misappropriation of Gratuities, NYLL § 196-d)**

68. Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. Pursuant to NYLL § 196-d, "[n]o employer or his agent or an officer or agent of any corporation, or any other person. . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

70. Here, at all relevant times, Defendant collected and retained gratuities and then unlawfully compelled Plaintiffs and the proposed members of the NYLL Class to participate in an illegal mandatory tip pool.

71. As a result of Defendant's unlawful conduct, Plaintiffs and the proposed members of the NYLL Class were denied tips to which they were otherwise entitled.

72. Defendant willfully and intentionally violated § 196-d of the NYLL.

73. As a result of Defendant's willful and intentional unlawful conduct, Plaintiffs and the proposed members of the NYLL Class are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other

damages available under New York law, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**(New York Minimum Wage Violations, NYLL § 652)**

74. Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75. Throughout the statute of limitations period covered by these claims, Defendant knowingly failed to pay Plaintiff and the members of the NYLL Class the full New York minimum wage for each hour worked.

76. As a result of Defendant's willful and intentional unlawful conduct, Plaintiffs and the proposed Class members are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
**(New York Spread of Hours Violations,
NYLL §§ 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.64)**

77. Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78. Plaintiffs and the Class members regularly worked days where the spread of hours exceeded ten (10).

79. Defendant willfully and intentionally failed to compensate Plaintiffs and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays

exceeded ten (10) hours, as required by New York law.

80.     As a result of Defendant's willful and intentional unlawful conduct, Plaintiffs and the proposed Class members are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### (Failure to Provide Meal Breaks in Violation of NYLL § 162)

81.     Plaintiffs, FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

82.     New York Labor Law § 162(2) requires employers to provide a thirty (30) minute work-free meal break to every employee who works a shift of six (6) or more hours over the noonday period.

83.     New York Labor Law § 162(4) requires employers to provide a forty-five (45) minute uninterrupted meal break to every employee who works a shift of six (6) or more hours between the hours of 1:00 p.m. and 6:00 a.m.

84.     New York Labor Law § 162(3) requires employers to provide an additional twenty-minute break to every employee who works a shift starting before 11:00 a.m. and continuing later than 7:00 p.m.

85.     Plaintiffs and the New York Class routinely worked shifts in excess of six (6) hours without receiving an uninterrupted meal break or additional break, when necessary.

86.     Defendant violated New York Labor Law § 162 by failing to provide the required breaks to Plaintiffs and New York Class.

87.     These practices were willful and lasted for the duration of the relevant time periods.

88.     By reason of the foregoing, Defendant is liable in an amount to be determined at trial, plus costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (Failure to Provide Notices Upon Hiring in Violation of the NYLL § 195(1))

89.     Plaintiffs, FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

90.     Pursuant to NYLL § 195(1)(a), every employer is required to provide each employee with a notice, upon hiring, setting forth, among other things, "the rate or rates of pay and basis thereof."

91.     Defendant knowingly failed to comply with this provision by failing to provide Plaintiffs and Class Members with any kind of notice upon hiring, let alone a notice meeting the requirements of NYLL § 195(1)(a).

92.     To the extent any notices were given to Plaintiffs, they were inaccurate and misleading, since Defendant's tip credit was unlawfully taken.

93.     Based on the foregoing, Defendant is liable to Plaintiffs and Class Members in the amount of $5,000.00 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## SEVENTH CAUSE OF ACTION
### (Failure to Provide Wage Statements in Violation of the NYLL § 195(3))

94.     Plaintiffs, the FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

95.     Pursuant to NYLL § 195(3), every employer is required to:

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate

or rates of pay and basis thereof, whether paid by the hour shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

96. Defendant knowingly violated this provision by failing to provide Plaintiffs and Class Members with wage statements meeting the requirements set forth above.

97. NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damages of $250.00 for each work day that the violation occurred or continued to occur, up to a total of $5,000.00 per employee, together with costs and reasonable attorneys' fees, as well as appropriate injunctive and/or declaratory relief.

98. During the course of Plaintiffs' and Class Members' employment, Defendant consistently and willfully failed to provide them with adequate wage statements as required by New York law.

99. To the extent any paystubs were given to Plaintiffs, they were inaccurate and misleading, since Defendant's tip credit was unlawfully taken.

100. Defendant is therefore liable to Plaintiffs and Class Members in the amount of $5,000.00 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

   a. Certifying the New York Class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the claims set forth above;

   b. Designating Plaintiffs Maria Ferrando and Arturo Lopez as Class Representatives;

   c. Designating Bell Law Group, PLLC as Class Counsel;

   d. Granting judgment in favor of Plaintiffs, FLSA Plaintiffs, and the New York Class,

and against the Defendant, and awarding the amount of unpaid overtime wages calculated at the rate of one-and-one-half (1.5) times Plaintiffs' regular rate, multiplied by all hours that Plaintiffs worked in excess of the prescribed number of hours per week;

e. Awarding liquidated damages to Plaintiffs, FLSA Plaintiffs, and the New York Class, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff and the Class Members;

f. Awarding all other available compensatory damages to Plaintiffs, FLSA Plaintiffs, and the New York Class, including, <u>inter alia</u>, all unpaid wages, lost interest owed, and liquidated and double damages by Defendants under the FLSA, NYLL, and NYWPTA;

g. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action;

h. Awarding pre-judgment and post-judgment interest to Plaintiffs on these damages; and

i. Awarding such further relief as this court deems just and proper.

Dated: New York, New York
      September 14, 2023

                        Respectfully submitted,

                        BELL LAW GROUP, PLLC

                        By: _____
                        Chaya M. Gourarie, Esq.
                        Bell Law Group, PLLC
                        116 Jackson Avenue
                        Syosset, New York 11791
                        T. 516-280-3008
                        CG@belllg.com
                        *Attorneys for Plaintiffs and Putative Class*