

**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

April 12, 2024

*Via ECF*
Hon. Robert W. Lehrburger. U.S.M.J.
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

    Re: **Ferrando-Guerra et. al. vs. Zestful Management Corp. d/b/a Bar Six,**
       **Docket No.: 1:23-cv-8123**

Dear Judge Lehrburger:

  Our office represents Plaintiffs Maria Noel Ferrando-Guerra and Arturo Lopez Gomez ("Plaintiffs"), on behalf of themselves and all similarly situated collective and class action members. Plaintiffs brought this action against their former employer, Zestful Management Corp. d/b/a Bar Six ("Bar Six" or "Defendant"). With the consent of defense counsel, Plaintiff now respectfully seeks court approval of the parties' settlement, which provides for a total payment of $42,500 to Plaintiffs (inclusive of attorneys' fees), in accordance with <u>Cheeks v. Freeport Pancake House, Inc</u>., 796 F.3d 199 (2d Cir. 2015). The parties' finalized settlement agreement is submitted herein as Exhibit A.

## Procedural History

  Plaintiffs filed the Complaint on September 19, 2023, alleging multiple pay practice violations, including <u>inter alia</u>: i) failure to pay minimum and overtime wages in violation of the Federal Labor Standard Act ("FSLA") and the New York Labor Law ("NYLL"), by relying on an invalid tip pool; ii) failure to provide Plaintiffs with accurate wage statements in violation of the New York Wage Theft Protection Act ("NYWTPA"); and iii) spread of hours, among other violations. On December 11, 2023, the Defendant filed an answer denying all material allegations.

  Since the commencement of this action, the parties have engaged in settlement talks. In connection with same, the parties have engaged in early discovery, exchanged Rule 26 Disclosures, and Plaintiffs have exchanged damages charts with Defendant. On February 28, 2024, the parties attended a Settlement Conference before the Honorable Judge Lehrburger and resolved this matter for $42,500.00.

    **I.**  **Claims and Defenses**

  Plaintiffs were employed as waitstaff at Defendant's restaurant, Bar Six. Plaintiffs claim that Bar Six had an unlawful policy of paying employees sub-minimum wage rates relying on the tip credit allowance, without complying with the threshold requirements. Specifically, it is alleged that Defendant implemented a mandatory tip pool and required tipped employees to share a portion of their tips with

Hon. Robert W. Lehrburger
Ferrando-Guerra et. al. vs. Zestful Management Corp.
April 12, 2024
Page 2 of 6

certain individuals who were ineligible to participate in a tip pool including but not limited to floor managers/maître d's Cesar Vallejo and John Yachna (collectively, "Managers"). Plaintiffs claim that, as a result, Defendant was not entitled to tip credit, and therefore violated the minimum and overtime wage requirements of the NYLL and FLSA.

Plaintiffs further claim that they were paid less than minimum wage under the NYLL for their hours worked, as Defendant was relying in the tip credit. Likewise, Plaintiffs claim they were paid were paid the wrong overtime rate, as it was premised on a regular rate, that was contingent on the tip credit.

Specifically, Plaintiff Ferrando-Guerra claims she worked for Defendant from February 27, 2020 through November 23, 2022. She claimed damages in the amount of $52,900, inclusive of liquidated damages, and exclusive of attorney's fees.

Plaintiff Gomez claims he worked for Defendant from September 2019 through Feb. 5, 2023 but he became a tipped worker as of April 2021, which is the time period for which he is seeking damages. Gomez claimed damages in the amount of $36,880, inclusive of liquidated damages, exclusive of attorney's fees.

Thus, collectively, Plaintiffs sought $89,780 in damages, exclusive of attorney's fees, which is rounded off to $89,500.

*Defendant's Position:* Defendant denied Plaintiffs' claims and asserted multiple defenses. First, Defendant claimed that Cesar Vallejo and John Yachna were not managers, were paid on an hourly basis and were customer-facing, and therefore, their participation in the tip pool did not violate the NYLL and did not invalidate the tip pool. Second, Defendant asserted that Plaintiffs were grossly overstating the number of hours they worked; thus, their claimed damages arising from the alleged failure to maintain a lawful tip pool were grossly exaggerated. Finally, Defendant asserted that it provided adequate notices to its employees, including Plaintiffs, in writing and in accordance with applicable regulations.

## II.     Settlement Terms

The $42,500 settlement ("Settlement Sum") will be distributed as follows:

- Plaintiff Ferrando-Guerra: $14,000.00

- Plaintiff Gomez: $14,000.00

- Bell Law Group, PLLC: $14,500.00, representing litigation costs in the sum of $500.00 and fees in the sum of $14,000.00, equaling one-third of the Settlement Sum after costs. (See Exhibit B annexed hereto, showing costs and fees)

## III.    The Settlement is Fair and Reasonable under the Cheeks Factors

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. Cheeks, 796 F.3d at 206-07. "Courts approve FLSA settlements when they are

reached as a result of contested litigation to resolve bona fide disputes." Kochilas v. Nat'l Merch. Servs., Inc., 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." Id. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id. (citation omitted).

In evaluating the fairness of a proposed settlement of FLSA claims, most courts in this Circuit apply the five-factor test articulated in Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Wolinsky factors consider: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. Here, all of the factors support approving the parties' settlement. Id.

*First,* the total settlement amount of $42,500 is reasonable in light of Plaintiffs' potential range of recovery at trial. If Plaintiffs were successful in proving that Defendant had an invalid tip pool and also were successful in proving the hours and pay as alleged in the Complaint, their combined calculated damages for unpaid tips, unpaid overtime, and NYWTPA violations amount to approximately $89,500.00 including liquidated damages. However, if Defendant was successful in proving its tip policy was lawful and it was also successful in asserting that Plaintiffs did *not* work the number of work hours they claimed, then Plaintiffs' recovery would be considerably less. Indeed, Defendant continues to assert that Plaintiffs are entitled to little or *no recovery* whatsoever. Thus, a realistic range of recovery for Plaintiffs' claims was between zero and $89,500.00.

Under this proposed settlement, after deducting for attorneys' fees and costs, Plaintiff will receive a combined total of $28,000 which is 31.3% of their maximum recovery. The outcome here is, therefore, a highly reasonable one under the FLSA. See, e.g., Gervacio v. ARJ Laundry Servs. Inc., 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (finding twenty percent of maximum recovery reasonable in light of circumstances); Villanueva v. 179 Third Avenue Rest Inc., 2018 WL 4100479, at *2 (S.D.N.Y. Aug. 28, 2018) (finding "less than six percent of estimated maximum recovery" to be reasonable in light of the circumstances).

*Second,* this settlement agreement will enable the parties to avoid the anticipated burdens of continuing with protracted litigation. Through settlement, Plaintiffs will avoid the stress of contentious litigation and the loss of income associated with taking days off from work in order to attend a deposition and trial. Plaintiffs will also avoid the stress, uncertainty, and delay that would be inherent in completing discovery and engaging in motion practice. Indeed, courts have recognized that discovery, continued litigation, and eventual trial practice may "meaningfully decrease possible recovery for Plaintiff[s]." Flores v. Mama Lombardi's of Holbrook, Inc., 2015 WL 2374515, at *5 (E.D.N.Y. May 18, 2015).

*Third,* from Plaintiffs' perspective, the prompt payment of the settlement amount is far preferable to continued litigation. As noted above, there are significant factual disputes in the case, particularly around the credibility of each party's position. Most notably, the case can go either way. If the records

show that managers in fact participated in the tip pool and that Plaintiffs were not paid all wages due, then Plaintiffs will prevail; however, if the records show that *no* managers participated in the tip pool and that Plaintiffs were paid all wages due, then Defendant will prevail. In contrast through settlement, both parties have control over their recovery and financial exposure and avoid accruing additional attorneys' fees for an uncertain result. Plaintiffs are interested in a settlement that eliminates the uncertainty of trial, expedites his receipt of funds, and provides closure.

As to the fourth and fifth Cheeks factors, the settlement is clearly the result of arm's length negotiation by zealous advocates. Significantly, the parties were assisted in reaching the settlement through a settlement conference before this Court on February 28, 2024. The assistance of an experienced neutral reinforces that a settlement agreement is non-collusive. See, e.g., Hernandez v. Anjost Corp., 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013) ("A settlement like this one, reached with the help of a third-party neutral, enjoys a "presumption that the settlement achieved meets the requirements of due process."); Capsolas v. Pasta Res. Inc., 2012 WL 1656920, at *1 (S.D.N.Y. May 9, 2012) (same). There was no fraud or collusion here.

### IV. The Non-Monetary Terms are Reasonable

The parties' settlement does not include the types of provisions discussed in Cheeks that contravene FLSA's remedial purposes. Snead v. Interim Healthcare of Rochester, Inc., 286 F. Supp. 3d 546, 553 (W.D.N.Y. 2018). Plaintiff's release of claims is narrowly tailored. Further, the parties' non-disparagement clause is also mutual and makes clear that truthful statements about the nature of the case, the settlement of the case, and the parties' experiences in litigating their claims and defenses, do not constitute disparagement. These provisions reflect compromises made among the parties and are within the guardrails of fairness set out in Cheeks.

### V. Plaintiff's Attorneys' Fees are Reasonable

An award of attorneys' fees is also subject to review under Cheeks and must be reasonable. Rainboth-Venditti v. Nat'l Retail Sols, Inc., No. 6:16-CV-137 (ATB), 2018 U.S. Dist. LEXIS 19130, at *2 (N.D.N.Y. Feb. 6, 2018). The Second Circuit courts refer to the Goldberger factors when assessing the reasonableness of attorneys' fees: (1) the time and labor expended by counsel;(2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Here, under the settlement agreement, Plaintiff's counsel would receive a fee award of $14,000, equaling one-third of the Settlement Sum, and costs in the sum of $500.00. This amount is consistent with approved fee awards in this Circuit, thereby demonstrating its reasonableness. See Fresno County Employees' Retirement Assoc. v. Isaacson/Weaver Family Trust, 925 F.3d 63, 71 (2d Cir. 2019) (quoting McDaniel v. Cty. of Schenectady, 595 F.3d 411, 419 (2d Cir. 2010)) ("[W]e have previously noted that 'the percentage method has the advantage of aligning the interests of Plaintiff and their attorneys more fully'"); see also Petersonv. Lab. Corp. of Am. Holdings, No. 1:20-cv-1056 (MAD/TWD), 2021 U.S. Dist. LEXIS 241010, at *8 (N.D.N.Y. Dec. 17, 2021) (holding 33 1/3% in attorney's fees are reasonable on Cheeks review); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21,

Hon. Robert W. Lehrburger
Ferrando-Guerra et. al. vs. Zestful Management Corp.
April 12, 2024
Page 5 of 6

2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); Thornhill v. CVS Pharmacy, Inc., 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases setting attorneys' fees at one-third of the settlement).

Moreover, the reasonableness of Plaintiff's counsel's requested fee is further solidified by "[a]pplying the lodestar method as a cross check." See Fresno County Employees' Retirement Assoc., 925 F.3d at 72 (citing Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000)). In order to calculate the lodestar check, the firm multiplied the attorney and paralegal hours spent on the case by each individual's reasonable hourly rate. See Healey v. Leavitt, 485 F.3d 63, 71 (2d Cir. 2007).

Here, over the course of the litigation, two attorneys worked on the case – one associate (Frank Tantone) and one partner (Chaya Gourarie), who billed for approximately 50 hours in total, inclusive of the pre-litigation phase.[1] See Ex. B. The associate billed at the rate of $350.00 per hour and the partner billed at the rate of $450.00 per hour. These hourly rates are deemed reasonable in this District. See, e.g., Campos, et al. v. BKUK 3 Corp., No. 18 Civ. 4036, 2021 U.S. Dist. LEXIS 151528, 2021 WL 3540243, at *11 (S.D.N.Y. Aug. 10, 2021) ("Courts in this District have determined in recent cases that a fee in the range of $250 to $450 is appropriate for experienced litigators in wage-and-hour cases.") (collecting cases). See also Leon v. Gazivoda Realty Co., 2019 U.S. Dist. LEXIS 160059, at *6 (S.D.N.Y. Sep. 16, 2019) (approving the rate of $400.00 per hour for the undersigned when she was a senior litigation associate in 2019). More recently, on May 22, 2023, the court (Judge Koeltl) approved a settlement wherein the undersigned's hourly rate was $500.00, holding that, "[t]he Court finds the terms of the settlement including the attorney's fees and costs listed in this letter to be fair, reasonable, and adequate." See Alcantara Lopez et al v. TMS Management et al., No. 22-cv-10714-JGK (Docket No. 35).

Additionally, various paralegals worked on this case, and billed at the rate of $125.00 per hour, which courts have deemed to be reasonable. See, e.g., Long v. HSBC USA Inc., 14 Civ. 6233, 2016 U.S. Dist. LEXIS 124199, 2016 WL 4764939, at *11 (S.D.N.Y. Sept. 13, 2016) ("As to the fees for paralegal work, in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable.").

In sum, based on the above time and hourly rates, Plaintiffs' counsel's lodestar is $22,402.50. (Exhibit B). Accordingly, attorneys' fees of $14,000 are well within the range of attorneys' fees that courts in this Circuit have deemed reasonable. See e.g., Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar.").

For the reasons stated above, Plaintiffs respectfully requests that the Court approve the settlement agreement in this case. We thank the Court for its attention to this matter.

---

[1] Indeed, prior to filing the complaint, Plaintiffs' counsel engaged in pre-suit work including, inter alia, writing a demand letter, communicating with Defendant's counsel by email phone, and attempting to negotiate a settlement. Courts have deemed attorneys' fees for pre-suit work potentially recoverable. See, e.g. Villalta v. JS Barkats, P.L.L.C., No. 16-CV-2772 (RA) (RWL), 2021 U.S. Dist. LEXIS 75071, at *59 (S.D.N.Y. Apr. 16, 2021) ("A prevailing party can recover fees for several categories of work, including pre-litigation work and failed efforts otherwise reasonable pursued.")(collecting cases).

Hon. Robert W. Lehrburger
Ferrando-Guerra et. al. vs. Zestful Management Corp.
April 12, 2024
Page 6 of 6

                                                  Respectfully submitted,

                                                  *Chaya M. Gourarie*
                                                  Chaya M. Gourarie, Esq.